**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X         04 CV 2723 (NG) (LB)
**SHARON JOHNSON,**

                            **Plaintiff,**

    -against-                                        **ORDER**

**GREEN BUS LINE,**

                            **Defendant.**
----------------------------------------------------------------X

**GERSHON, United States District Judge:**

In this action for employment discrimination, defendant moves the court to vacate an order granting default judgment to plaintiff. For the reasons set forth below, defendant's motion is granted.

## BACKGROUND

In 1990, plaintiff filed a complaint against defendant with the New York State Division of Human Rights ("DHR") alleging employment discrimination. After 14 years of proceedings in the state administrative forum, the DHR found plaintiff's claims to be meritless and dismissed her complaint on March 8, 2004. Subsequently, plaintiff commenced this action, acting *pro se*. Pursuant to an order of the court, the United States Marshal for this district served the summons and complaint on defendant. When defendant failed to respond to the complaint or otherwise appear in this action in the time prescribed by law, plaintiff moved for default judgment. By order dated February 27, 2006, the court directed the Clerk of Court to enter defendant's default and granted

1

plaintiff's motion for default judgment.[1] Defendant now moves for that order to be vacated.

Through an affirmation from its attorney, defendant acknowledges that process was served on or about August 27, 2004 and makes no claim that service was improper. Instead, defendant explains that confusion about whether defendant's insurance company was going to defend the lawsuit combined with a failure by defendant's attorney, resulting from a clerical error in his office, to record the lawsuit in his calendar, led the matter to "f[a]ll through the cracks" inadvertently. Connor Aff. ¶5. Counsel also affirms that defendant did not receive the orders issued by Magistrate Judge Bloom, on April 8, 2005 and July 25, 2005 respectively, directing defendant to respond to the complaint and that it was not served with plaintiff's motion for default judgment.[2]

## DISCUSSION

Federal Rule of Civil Procedure 55(c) provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." When deciding whether good cause exists to relieve a party from default or default judgment, a court must consider the willfulness of the default, the existence of a meritorious defense, and the level of prejudice that the non-defaulting party may suffer should relief be granted. *Pecarsky v. Galaxiworld.Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001).

Here, the court credits defendant's explanation for the default and finds that it was not

---

[1] Notwithstanding the court's order, to date, the Clerk of Court has not entered defendant's default nor a default judgment in favor of plaintiff.

[2] The court notes that the address provided by plaintiff for service on defendant– 165-47 165th Avenue, Jamaica, NY– was incorrect. After serving the summons and complaint, the Marshal noted in the process receipt that the correct address for defendant is 165-25 147th Avenue, Jamaica, NY. The docket sheet does not reflect to which address Magistrate Judge Bloom's orders were sent.

2

willful. That defendant prevailed on identical claims before the DHR indicates the existence of a meritorious defense. Further, given the brevity of the delay caused by the default relative to the overall length of the proceedings, any prejudice to plaintiff would be minor. In sum, defendant has demonstrated good cause for the default. As a result, and given the "clear preference" that has been expressed by the Court of Appeals for the Second Circuit "for cases to be adjudicated on the merits," *id.* at 174, defendant's motion to vacate is granted.

## CONCLUSION

For the reasons set forth above, defendant's motion is granted. This court's order dated February 27, 2006, directing the Clerk of Court to enter defendant's default and granting plaintiff's motion for default judgment, is hereby vacated. Defendant is directed to submit an answer or otherwise respond to the complaint by May 26, 2006.

**SO ORDERED.**

/S/
**NINA GERSHON**
**United States District Judge**

Dated: Brooklyn, New York
       April 28, 2006